UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN ROESSLER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-CV-0536-TWP-MJD |
| ) | |
| v. ) | |
| ) | |
| ROYAL SPA CORPORATION and ) | |
| ROBERT DAPPER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Kevin Roessler has filed a six Count Complaint in this matter. Jurisdiction is asserted to arise solely through Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*). Counts I and II purport to set forth a claim for sex based employment discrimination. Count III does not specify its jurisdictional basis, but it appears to be an attempt to assert a Title VII "retaliation" claim. Counts IV, V and VI assert state common law claims for the intentional infliction of emotional distress and for defamation. Counts IV, V and VI have no apparent federal question basis, and they are asserted against non-diverse parties. Plaintiff does not identify his basis for asserted federal jurisdiction over these claims.

Counts I and II fail to state a cause of action under Title VII. The facts pleaded establish that there is no actionable claim that there was employment discrimination against Kevin Roessler based upon his gender. Robert Dapper is not an "employer" as defined under Title VII. In addition, Kevin Roessler has no standing to assert a claim for the alleged sexual harassment of a non-party, non-employee.

Count III (retaliation) fails because Counts I and II fail to assert a cause of action. A claim for retaliation under Title VII is limited to retaliation for the exercise of rights granted under Title VII. A Title VII "retaliation" claim cannot be based upon a facially invalid discrimination claim.

Because Robert Dapper is not a proper party to a Title VII claim, and is a citizen of the same state as the Plaintiff, there is no basis for the Court to exercise pendent jurisdiction over state law claims against him. Because there is no viable Title VII claim against Defendant Royal Spa, and Royal Spa is a citizen of the same state as the Plaintiff, there is no basis for the exercise of pendent jurisdiction over the state court counts against either Defendant.

I.   Standard of Law.

In a Motion to Dismiss, the Court determines whether the allegations of a Complaint state a cause of action, assuming the truth of the well pleaded allegations. This Motion proceeds under that standard.

In ruling on a Motion to Dismiss, the Court is to construe the Complaint in the light most favorable to the Plaintiff, taking as true all well pleaded factual allegations and making all possible inferences from those allegations in his or her favor. The Complaint will be dismissed if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitled him to relief. *Barns v. Briley,* 420 F.3d 673, 677 (7th Cir. 2005). However, when presented with a Motion to Dismiss, the non-moving party must proffer some legal basis to support his cause of action. *Stranski v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir. 1995).

Although the District Court is required to consider whether a plaintiff could prevail under any legal theory or set of facts, it will not invent legal arguments for litigants. *Stranski,* 51 F.3d at 1335, and is not obligated to accept as true legal conclusions or unsupported conclusions of

fact. *Hickey v. O'Bannon,* 287 F.3d 656, 658 (7th Cir. 2002). *See also, McElod v. Errol Marine Transport, Inc.,* 258 F.3d 608, 614 (7th Cir. 2001) (Court "not obliged to accept as true conclusory statements of law"); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998) (Court not required "to assign any weight to unsupported conclusions of law"); *Reed v. City of Chi.,* 77 F.3d 1049, 1051 (7th Cir. 1996) (Court "not compelled to accept . . . conclusory allegations concerning the legal effect of facts set out in the Complaint"). *County of McHenry v. Insurance Company of the West,* 438 F.3d 813, 818-819 (7th Cir. 2006).

Because of the salacious and scandalous nature of the factual allegations set out in Plaintiff's Complaint, Defendants wish to make it clear to the Court that they categorically deny those allegations. These allegations are already the subject matter of litigation in state court In Marion County under Cause No. 49D13-1110-CT-038784. In that action, filed by Robert Dapper and Royal Spa against Kevin and Marcella Roessler, Dapper and Royal Spa allege that Kevin and Marcella Roessler attempted to extort money from Dapper and Royal Spa by threatening to make false and salacious defamatory claims against Robert Dapper, and to seek media publication of such claims unless they were paid not to do so.

Marcella Roessler filed a counterclaim, making similar allegations of intentional infliction of emotional distress and defamation as those set forth in this action by her husband. Kevin Roessler waived the very state law claims that he is attempting to now assert in this action, by failing to assert them as compulsory counterclaims in the state court case.

Dapper and Royal Spa must accept the allegations of the Complaint as if they were true, for the purpose of arguing its 12(B)(6) Motion. However, such allegations are not true, and will be strongly disputed if this case survives the Motion to Dismiss.

II.     Counts I and II fail to state a claim under Title VII.

The substance of Plaintiff's Complaint is that he considered himself to have been harassed, by his superior at work demanding to be invited to sex parties that the Plaintiff and his wife regularly hosted. He alleges that Dapper demanded introductions to Roessler's female friends and acquaintances "in the lifestyle," who would be interested in consensual sex, including allegedly propositioning Plaintiff's wife. Kevin Roessler also alleges that he was defamed when Dapper supposedly falsely boasted to a customer that Plaintiff's wife had performed a sex act with him.

Mr. Roessler's claims do not state a cause of action under Title VII. Mr. Roessler confuses the reference in Title VII to "sex" as a reference to sexual activities and proclivities. In fact, the term refers to gender, not activities. In order to state a cause of action under Title VII, Roessler must allege and prove that he was discriminated against in his employment because he was a male. His stories of sexual activities involving non-employees, however salacious they may be, are neither sufficient nor relevant to the establishment of an employment discrimination claim recognizable under federal law.

42 U.S.C. § 2000e-2 makes it an unlawful employment practice to discriminate against an individual with respect to his employment "because of such individual's race, color, religion, sex, or national origins; . . .." 42 U.S.C. § 2000e-2(a)(1). The reference to "sex" in Title VII refers to the gender of the Plaintiff. The intent of Congress in adding the word "sex" to 42 U.S.C. § 2000e-2(a) was to guarantee equal job opportunities for males and females. Title VII prohibits an employer from discriminating against an employee based on the fact that the plaintiff/employee is either male or female. *Willingham v. Macon Tel. Pub. Co.,* 507 F.2d 1084, 1091 (5th Cir. 1975).

Congress intended the term "sex" in Title VII to mean biological male or biological female, rather than a reference to sexuality or sexual orientation or preference. *Spearman v. Ford Motor Co.,* 231 F.3d 1080, 1084 (7th Cir. 2000). Sexual activity, as distinguished from sexual identity, is not a discriminatory action covered by the provision of Title VII. *Platner v. Cash & Thomas Contractors,* (11th Cir. 1990) 908 F.2d 902, 904.

> Title VII claims have been employed successfully to combat instances of sex discrimination with respect to terms and conditions of employment, e.g., *Mills v. Ford Motor Co.*, 800 F.2d 635 (6th Cir. 1986), as well as sexual harassment in the workplace, e.g., *Meritor*, 477 U.S. 57, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986) ("hostile environment" sexual harassment); *see generally* Annot., 78 A.L.R. Fed. 252 (1986). In all of these cases, however, there existed a causal connection between the gender of the individual or class and the resultant preference or disparity. Many courts have limited the word "sex" to its "traditional definition," *Sommers v. Budget Marketing, Inc.*, 667 F.2d 748, 750 (8th Cir. 1982), and refused to extend Title VII proscriptions beyond gender-based discrimination. *See*, e.g. *Ulane v. Eastern Airlines*, 742 F.2d 1081 (7th Cir. 1984) (transsexuality), *cert. denied*, 471 U.S. 1017, 85 L. Ed. 2d 304, 105 S. Ct. 2023 (1985); *Sommers v. Budget Marketing, Inc.*, 667 F.2d 748 (8th Cir. 1982) (same); *DeSantis v. Pacific Telephone & Telegraph Co.*, 608 F.2d 327 (9th Cir. 1979) (homosexuality); *Smith v. Liberty Mutual Insurance Co.*, 569 F.2d 325 (5th Cir. 1978) (effeminacy). We can adduce no justification for defining "sex, " for Title VII purposes, so broadly as to include an ongoing, voluntary, romantic engagement.

*De Cintio v. Westchester County Medical Center*, 807 F.2d 304, 307 (2d Cir. N.Y. 1986).

Lewdness and other offensive sexual conduct in the work place is not enough, standing alone, to state a cause of action under Title VII. Even where such conduct is clearly demonstrated, and is sufficiently pervasive and severe as to alter the employee's work environment, no Title VII claim arises unless it can be shown that the sexual activity arose from hostility toward the Plaintiff's gender. *Campbell v. Garden City Plumbing & Heating, Inc.,* (2004) 322 Mont. 434, 97 P.3d 546, 551 (apply federal law to Montana Act).

5

> While this may or may not be true, this sort of workplace policing is exactly what the U.S. Supreme Court had in mind when it warned that Title VII was not to be denuded into a "general civility code." *Oncale*, 523 U.S. at 81, 118 S. Ct. at 1002, 140 L. Ed. 2d at 208. In *Oncale* itself, the facts were even more egregious than in Campbell's case, yet the Court was concerned that courts and juries not "mistake ordinary socializing in the workplace - such as male-on-male horseplay or intersexual flirtation - for discriminatory 'conditions of employment.'" *Oncale*, 523 U.S. at 81, 118 S. Ct. at 1003, 140 L. Ed. 2d at 208.

*Campbell v. Garden City Plumbing & Heating, Inc*., 2004 MT 231, P23 (Mont. 2004).

In order to state a claim under Title VII, Mr. Roessler must show that he suffered some adverse employment action because he was a male employee, rather than a female. Mr. Roessler's Complaint makes no allegation consistent with an assertion of gender based discrimination against males by Royal Spa.

A second deficiency in Plaintiff's Title VII claims is that Mr. Roessler is attempting to assert claims of inappropriate sexual conduct directed toward non-employees. Mr. Dapper's alleged consensual sexual activities with non-employees introduced to him by Mr. Roessler do not state a Title VII claim. Allegations of a supervisor's sexual harassment of a customer was held not to be an unlawful employment practice covered by Title VII. *Kunzler v. Canon, U.S.A., Inc.,* (EDNY 2003) 257 Fed. Supp. 2d 574, 579-580.

The alleged sexual harassment of a non-employee does not fall under Title VII, even where the alleged victim is closely related to the plaintiff/employee.

> "Walker's actions are not sexual harassment of Cotton because they were not directed to her but rather to her mother."

*Cotton v. Cracker Barrel Old Country Store, Inc.,* 434 F.3d 1227, 1232 (11th Cir. Ala. 2006).

The sexual harassment of an employee's wife does not constitute sexual harassment of the employee covered by Title VII. That issue was directly faced in the case of *Cairo v. O.H.*

*Materials Corp.* (MDLA 1989) 710 F.Supp. 1969. In *Cairo,* the court dismissed a Title VII claim in which the employee contended that he was terminated due to the "sex linked" reason that he refused his supervisor's request to date his wife. After analyzing the language of the Act, analogous and distinguishing lines of cases, and CFR guidelines interpreting Title VII, the court concluded that such conduct was not covered by Title VII and failed to state a federal cause of action. For ease of reference, the Magistrate's opinion in *Cairo,* and the District Judge's adoption of that opinion, are attached as Exhibits to this Memorandum.

None of the allegations of offensive conduct upon which Plaintiff rests his Title VII claims, sufficiently allege that Mr. Roessler was discriminated against in his employment because of his gender. Title VII was not intended to render all allegations of offensive sexual conduct in the work place federal claims. The allegations of this Complaint do not state a cause of action under Title VII. Accordingly, Counts I and II should be dismissed for failure to state a claim.

    III.    <u>Count III, Retaliation</u>.

Count III of Plaintiff's Complaint asserts that his termination was in retaliation for his protesting the allegedly offensive conduct recited in Counts I and II. The anti-retaliation provision in Title VII prohibits retaliation against an employee who makes a reasonable, good faith claim that wrongful discrimination prohibited by Title VII has occurred. However, in order for the anti-retaliation provisions of Title VII to apply, the conduct complained of must have been conduct prohibited by Title VII. *Holden v. Owens-Illinois, Inc.,* 793 F.2d 745, 746 (6th Cir. 1986). The threat to file a complaint in a state court civil action alleging sexual activity that is not prohibited by Title VII, does not invoke Title VII's anti-retaliation provisions. *Mongelli v.*

*Red Clay Consolidated School District Board of Education* (2007 DC Del.) 491 F.Supp.2d 467, 483.

For the reasons set forth above, the conduct alleged in Counts I and II of Plaintiff's Complaint do not state a cause of action for violation of Title VII.  Because the acts alleged in Counts I and II were not acts covered by Title VII, a retaliation claim based upon the allegation that a plaintiff suffered an adverse employment action in retaliation for complaining of activities prohibited by Title VII does not apply.  Count III must also be dismissed for failure to state a cause of action.

    IV.    <u>Robert Dapper is not Plaintiff's employer</u>.

Title VII expressly controls only the relationship between an employee and an employer. 42 U.S.C. § 2000e-2.  Plaintiff's Complaint affirmatively alleges in paragraph 3 that Royal Spa was his employer, and that Defendant Dapper was an employee of Royal Spa.  Because Dapper was not the "employer" of Roessler, he is not subject to individual liability under Title VII.

Even if a cause of action arose against Royal Spa under Title VII, it would be necessary to dismiss Robert Dapper as an individual defendant under any of the Title VII Counts.  Without a Title VII claim against Dapper to serve as the basis of pendent jurisdiction, there is no subject matter jurisdiction over state law claims by Plaintiff Roessler, an Indiana citizen, against Defendant Dapper, another Indiana citizen.  Accordingly, the Court lacks subject matter jurisdiction over the defamation claim of Roessler against Dapper set forth in Count VI, and the intentional infliction of emotional distress claim against Defendant Dapper asserted in Count IV. Robert Dapper should be dismissed as a Defendant in this matter as to all Counts for this reason as well.

    V.    <u>Pendent jurisdiction is unsupported</u>.

Plaintiff attempts to assert state law causes of action by an Indiana resident against other Indiana residents in Counts IV, V and VI of his Complaint. The jurisdictional basis for such claims in federal court is not stated by the Plaintiff. Presumably, Plaintiff is requesting that the Court exercise pendent jurisdiction over these state law claims, because of the existence of a federal jurisdiction for his Title VII claims.

To the extent that the Court has discretion to exercise pendent jurisdiction, that discretion should not be exercised under these circumstances. Where there is no basis to the federal claims, which are disposed of by dismissal for failure to state a claim, pendent state law claims should also fail for either the absence of subject matter jurisdiction, or by exercise of the Court's discretion to reject pendent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 Sup.Ct. 1130, 1139, 16 Law.Ed.2d 218 (1966); *Carnegie-Mellon University v. Cohill,* 484 U.S. 242, 108 Sup. Ct. 614, 619, 98 Law.Ed.2d 720 (1988).

Counts IV, V and VI should be dismissed because of the absence of federal jurisdiction. In the alternative, such counts should be dismissed in the exercise of the Court's discretion to accept or reject pendent jurisdiction, because the federal claims upon which pendent jurisdiction would be based have been dismissed for failure to state a claim.

## CONCLUSION

Counts I, II and III should be dismissed on their merits for failure to state a cause of action. Counts IV, V and VI should be dismissed based upon the absence of subject matter jurisdiction, or in the alternative as an exercise of the Court's discretion to reject pendent

jurisdiction.

          Respectfully submitted,

          **MILLER & FISHER, LLC**

          /s/ James R. Fisher
          James R. Fisher, Attorney No. 6847-49

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Philip D. Sever
    SEVER STOREY
    phil@severstorey.com

          /s/ James R. Fisher
          James R. Fisher, Attorney No. 6847-49

James R. Fisher
Debra H. Miller
MILLER & FISHER, LLC
8900 Keystone Crossing, Suite 1080
Indianapolis, Indiana  46240
(317) 536-7570
(317) 536-7579
fisher@millerfisher.com